SUTTON ET AL. *v.* STATE OF INDIANA.

[No. 30,819.  Filed November 28, 1966.]

2

*Robert S. Baker*, Public Defender, and *Sid M. Cleveland*, Deputy Public Defender, for appellants.

*John J. Dillon*, Attorney General, and *Wilma T. Leach*, Deputy Attorney General, for appellee.

ARTERBURN, C. J.—This is an appeal from a proceeding brought under Indiana Supreme Court Rule 2-40B in which the appellants petitioned the trial court to correct an alleged erroneous sentence. Appeal from such a proceeding is proper. *State ex rel. Lanter* v. *Rush C. C., Marshall, J. etc.* (1958), 237 Ind. 705, 146 N. E. 2d 826.

It appears that the appellants are now serving sentence under a conviction in the trial court on Count One, which charged a kidnapping, and on Count Two, which charged auto banditry involving the same alleged kidnapping.

As a result of a trial by jury, a verdict was returned, finding the appellants guilty of kidnapping and of auto banditry, and the appellants were sentenced to life imprisonment for kidnapping under Count One and to twenty-five (25)

years for auto banditry under Count Two. This occurred in December, 1956.

Approximately nine (9) years later, the Public Defender of this State, on behalf of the appellants, filed a petition in the trial court to correct the sentence under Indiana Supreme Court Rule 2-40B, which reads as follows:

> "Whenever it shall appear from the indictment or affidavit and final judgment in any criminal cause that an erroneous sentence has been imposed by the trial court, the defendant in such cause may at any time petition the trial court to correct retroactively such judgment to conform to the term of imprisonment specified in the applicable statute upon proper notice (by serving a copy of the petition in person or by mail) upon the prosecuting attorney of the circuit and the attorney general of Indiana. An appeal may be taken to the Supreme Court from a final order granting or denying said petition under the same rules and conditions as provided in Rules 2-40 and 2-40A of this Court. Effective November 16, 1954."

The petition alleged specifically that kidnapping is an included offense of auto banditry, as charged, and therefore under the ruling cases in this State, the appellants could not be sentenced on both convictions, even though the sentences were to run concurrently. *Carter* v. *State* (1951), 229 Ind. 205, 96 N. E. 2d 273; *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729; *Mims et al.* v. *State* (1957), 236 Ind. 439, 140 N. E. 2d 878; *Hatfield; West* v. *State* (1961), 241 Ind. 225, 171 N. E. 2d 259.

The record further shows that after the petition was filed and the issue joined thereon and the court had heard the same, the judge set aside the conviction and judgment for auto banditry and allowed the sentence and judgment on kidnapping to stand, and overruled the appellants' petition to correct the sentence.

It is first argued that the court had no power, after more than nine years, to vacate or set aside the judgment and sentence, since the term of court at which the court had such

authority had long ago expired. *Clouser et al.* v. *Mock* (1959), 239 Ind. 143, 155 N. E. 2d 745.

However, it is our opinion that the case cited is not applicable since here, by appellants' own petition, they invoked the court's jurisdiction under the provisions of Indiana Supreme Court Rule 2-40B by asking the court to reconsider the sentence and make corrections therein. This application gave the court the right, in our opinion, upon appellants' application, to make what the court considered a correct modification or change in the sentence and judgment under Indiana Supreme Court Rule 2-40B. *Lane* v. *Hobbs* (1965), 246 Ind. 640, 208 N. E. 2d 182; *Dowd, Warden* v. *Todd* (1962), 243 Ind. 232, 184 N. E. 2d 4.

The next question arising is whether or not the trial court erred in sentencing the appellants upon auto banditry and also the included offenses. The Attorney General asks that we reconsider this Court's previous decisions upon this question, as enunciated in the cases cited by appellants and set forth above in this opinion, and that we follow the Federal rule, which permits the jury and the court to find defendants guilty upon one or more included offenses, but all such sentences are to run concurrently. *Clark* v. *United States,* 267 F. 2d 99 (4th Cir. 1959) ; *United States* v. *Farina,* 193 F. 2d 436 (2d Cir. 1951) ; *Gebhart* v. *Conner,* 184 F. 2d 644 (10th Cir. 1950).

We do not deem it necessary for us to make such a reconsideration of our previous decisions on this question, for the reason that in examining all the cases cited by the appellants, one finds the statement repeatedly made that the rule and principle here sought to be invoked is applicable only to *lesser* included offenses involved in auto banditry. The principle is not applicable to a *greater* offense, even if included in auto banditry. Auto banditry consists of the commission or attempted commission of a *felony* having at or near the place an automobile for the purpose of escaping, etc.; yet a felony includes murder, and although one may be

charged with auto banditry in the commission of a murder and found guilty of both murder and auto banditry, certainly it would be absurd to contend that the offense of murder is a "lesser" included offense in auto banditry. In such a case, the court must sentence the defendant to the greater offense, namely murder.

In *Carter* v. *State* (1950), 229 Ind. 205, 96 N. E. 2d 273, the defendant was found guilty of both robbery and robbery while armed with a deadly weapon. The latter offense carried a determinate sentence of ten to twenty years, as opposed to an indeterminate sentence of ten to twenty-five years for robbery alone. The court stated:

> "Judgment should be entered for the *greater offense,* which in this case was robbery while armed with a deadly weapon. It was error to enter judgment for both robbery while armed with a deadly weapon and robbery." (Our italics)

The court further stated that since robbery while armed carried a determinate sentence of ten to twenty years and robbery carried an indeterminate sentence of ten to twenty-five years, defendants' possibility of early parole was greater in one case than the other, and therefore the determinate sentence was the greater offense. Kidnapping under Acts 1905, ch. 169, § 358, p. 584 as amended by Acts 1929, ch. 154, § 1, p. 477, being Burns' Ind. Stat. Anno. § 10-2901 (1956 Repl.) carries a sentence of life imprisonment. The legislature, in our opinion, fixes the magnitude of the crime by the penalty imposed under the statute which it enacts.

In the case before us, on the standards used in the case just cited, we must conclude that the legislature intended that kidnapping should be a *greater* offense, with a possible sentence of life in prison, than auto banditry, under which the appellants could have been sentenced for a determinate period of not less than ten nor more than twenty-

five years. Acts 1929, ch. 54, § 3, p. 136, being Burns' Ind. Stat. Anno. (1956 Repl.)

We find that the trial court committed no error, and the judgment is affirmed.

Rakestraw, and Myers, JJ., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 221 N. E. 2d 430.