## JACKSON *v.* STATE OF INDIANA.

[No. 31,072. Filed July 12, 1967.
Rehearing denied October 11, 1967.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Charles J. Deiter,* Deputy Attorney General, for appellee.

MOTE, J.—The Appellant, Gerald Wallace Jackson, was charged by affidavit filed in the Criminal Court of Marion County, Division One, with the crime of uttering a forged instrument. The affidavit, omitting the formal parts, is as follows:

"BE IT REMEMBERED, That, on this day before me, Noble R. Pearcy, Prosecuting Attorney for the Nineteenth Judicial Circuit, personally came Robert Munshower who, being duly sworn, upon his oath says that Gerald Wallace Jackson on or about the 28th day of June, A.D. 1965, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously and knowingly utter, publish, pass and deliver to Guarantee Auto Stores, Inc., a corporation, as true and genuine, a certain false, forged and counterfeit check for the payment of money, towit One Hundred Ten Dollars ($110.00) in lawful money, said pretended check purporting to have been made and executed by one Bassett's by Wilbur L. Chenault in favor of Leon F. Terrell which said false, forged and counterfeit check is of the following tenor, viz:

'Bassett's
Paul Sallee Owner
892 Mass. Ave.
Indianapolis, Ind. 46204

                                                    June 28, 1966

Pay to the Order of Leon F. Terrell     $110.00
        Basset's 110 Dols 00 cts             Dollars

Merchants National Bank          BASSETT'S
& Trust Company of
Indianapolis                     Wilbur L. Chenault /s/
Indianapolis, Indiana            Wilbur L. Chenault

        712 0006         00 74 1534'

with intent then and there and thereby feloniously, falsely and fraudulently to defraud the said Guarantee Auto Stores, Inc., a corporation, the said Gerald Wallace Jackson then and there well knowing the said check to be false, forged and counterfeit, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The statute, in pursuance of which the Appellant was charged and found guilty, is found in Burns' Stat. Anno. 1956 Repl. § 10-2102, the significant part of which reads as follows:

"Whoever falsely makes, or assists in making, defaces, destroys, alters, forges, counterfeits, prints, or photographs * * * any * * * check * * * or utters or publishes as true any such instrument or matter, knowing the same to be false, defaced, altered, forged, counterfeited, falsely printed or photographed, with intent to defraud any person, body politic or corporate shall, on conviction, be imprisoned in the state prison not less than two (2) years nor more than fourteen (14) years, and fined not less than ten dollars ($10.00) nor more than one thousand dollars ($1,000.00)."

Appellant pleaded not guilty and was tried by a jury which returned a verdict against him. The trial judge, on the finding of guilty, sentened Appellant, twenty-one years of age, to the Indiana State Reformatory for a period of not less than two nor more than fourteen years and find him in the sum of $75.00 and costs.

In his Assignment of Errors, Appellant asserts that the trial court erred in overruling the Motion for New Trial for the reasons that the verdict of the jury was not sustained by sufficient evidence and was contrary to law and that there was no evidence that the signature on the back of the check was in fact a forgery and consequently, there was no proof that in fact such endorsement was a forgery. Furthermore, Appellant asserts that there was error in the admission of the State's Exhibits 3 and 4, being a gold watch and a gold ring. Although he does not set out his objection to the offer and admission of said Exhibits, Appellant does assert that there was an objection made when the witness could not identify the objects as having been worn by said Appellant.

Appellant's assertion that there was no evidence to support the verdict is without merit. Bearing in mind that this

Court will not weigh the evidence introduced in the trial court and that the evidence most favorable to the State will be considered, there is ample evidence to support the charge. *Beck v. State* (1958), 238 Ind. 210, 149 N. E. 2d 695.

The Appellant was attempting to purchase some tires and hub caps from Guarantee Auto Store in the Eagledale Shopping Center in Marion County, Indiana. He produced a payroll check to be cashed, with part of the money to be applied on the purchase price of said items. Although the endorsement already was on the said check, Appellant was requested to write his address and telephone number thereon. The address was written on the check in the presence of Mr. Martin, assistant manager of the store. A police officer came to the counter in the store and asked Mr. Martin if the check on the counter was the one which Appellant was trying to cash. Upon receiving an affirmative answer, the police officer handed the check to Appellant and asked him if he was trying to cash said check. Appellant then handed the check to Mr. Martin, who then gave the check to the police officer, who asked Appellant for identification. Since Appellant did not have any identification with him, he and the officer left the store.

The police officer, Lt. Robert Munshower, testified that on the evening of June 28, 1965, while working at the Eagledale Shopping Center, he observed Appellant standing at the counter of the Guarantee Auto Store; that after learning that Appellant was trying to cash a check, he asked Appellant if the check lying on the counter was his check and upon receiving an affirmative reply, the officer asked Appellant where he got the check. Appellant stated he worked for Bassett's, on whose account the check was drawn. The police officer further testified that he and Appellant left the store and went to Appellant's car to see if he could find identification. Appellant looked in the glove compartment and was unable to find anything and stated that his buddy must have taken it. As

the two of them walked toward said store, the officer stopped another man, whereupon Appellant dropped the tire he was carrying and ran toward the car. The officer checked the registration of the car and learned that it belonged to Appellant.

Mr. Paul Sallee, a pharmacist, testified that the check in question belonged to Mr. Sallee, as owner of Bassett's; that he was not acquainted with a Leon F. Terrell, the purported payee of the check; that no one could have written the check on Bassett's account to the payee Terrell without Mr. Sallee's knowledge; that he was not acquainted with Wilbur L. Chenault, whose signature appeared on the check; that no such person ever worked for Mr. Sallee; and that he did not write the check nor did anyone in his family write it.

From the testimony adduced, it would be proper, in our opinion, to find Appellant guilty of uttering said instrument, despite the fact that Appellant asserts that the evidence is lacking in this respect.

Uttering is the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud. *Gennaitte* v. *State* (1963), 243 Ind. 532, 188 N. E. 2d 412; *Beck* v. *State,* supra; *37 C.J.S. "Forgery"* § *37.*

The charge of uttering a false or forged instrument is sustained by proof of an uttering. It is not necessary to prove that the defendant forged the instrument. *Gennaitte* v. *State, supra; State* v. *Fisk* (1907), 170 Ind. 166, 83 N. E. 995.

As to the admission into the evidence of the State's Exhibits 3 and 4, their admissability, materiality, relevancy and competency were proper to prove a material fact or even a tendency thereto. *Smith* v. *State* (1937), 212 Ind. 605, 10 N .E. 2d 899, 901.

Any fact which legitimately tends to connect Appellant with the commission of the crime is admissable. *Foreman* v. *State* (1938), 214 Ind. 79, 84; 14 N. E. 2d 546, 548.

The assistant manager of the store testified that the State's Exhibit 4 was a gold ring with a black set in it like the ring Appellant wore when he was at the store uttering the said check, and that Exhibit 3 was the watch Appellant was wearing at the same time, although the witness did concede that he was not absolutely positive that the watch was the same watch Appellant wore.

Even if it could be said that the admission of said Exhibits into the evidence was incompetent evidence tending to establish a material fact, inasmuch as there was other uncontradicted competent evidence, the error, if any, was harmless. *Temple* v. *State* (1964), 245 Ind. 21, 195 N. E. 2d 850; *Adams* v. *State* (1946), 224 Ind. 472, 69 N. E. 2d 21.

There was ample evidence to show or to indicate that Appellant was posing as "Leon F. Terrell" and as an employee of Bassett's. How the instrument came into being is not before us—the mere fact that it was fraudulent, ficticious and false, as it appears to have been, is sufficient to sustain the charge.

Judgment affirmed.

Hunter, C. J., Lewis and Arterburn, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 228 N. E. 2d 2.