ROBERT LEWIS MCAFEE *v.* STATE OF INDIANA.

[No. 1171S324. Filed January 19, 1973.]

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *Carl L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted, in a trial to the court, of uttering a false instrument and was

sentenced to imprisonment for not less than two nor more than fourteen years. This appeal is addressed only to the sufficiency of the evidence, it being charged that the State failed to prove the elements of knowledge of falsity and intent to defraud, both of which are essential to a conviction.

The State's evidence is not in dispute and discloses that the defendant and his co-defendant, Emma Easley, went to Lee's Liquor Store, where Emma presented the check to the shop owner for payment, while the defendant, who had endorsed it, waited outside in an automobile. The shop owner suspected the check, which was made payable to the defendant, to be fraudulent and requested Emma to get the defendant. At the same time, he summoned the police by means of an electronic alarm system. The check was drawn upon the account of Midwest Auto Auctions, Inc., from whom it had been stolen, but was signed "E. B. Edward," who was neither an employee of Midwest nor an authorized signatory upon the account. The defendant testified that the check had been given to him by a Mr. Swanigan, a fellow employee, whom he knew by sight but concerning whom he knew nothing more and that it was given to him in payment for several days work he had performed earlier. He further testified that he did not know his employer, from whom he assumed the payment came, but that it was not Midwest Auto Auctions, Inc., and that he had observed that the check was drawn on Midwest Auto Auctions, Inc., and wondered about it, but he did not inquire of Swanigan upon the question. When the defendant entered the shop, as requested by the shop owner, he was instructed by the owner to write his address under his endorsement, which he did. The check was admitted into evidence. The amount for which it was drawn had been embossed thereon by a checkwriting machine. The name of the drawer and of the bank upon which it was drawn were printed. The name of the payee was entered in longhand. The defendant testified that he did not know who wrote it, but there was a striking similarity in the handwriting by which the name of the payee,

the signature of E. B. Edward, and the endorsement had been written. The address which the defendant entered in the presence of the shop owner was distinctively dissimilar. Neither was it his correct address.

As this Court has written, innumerable times, we will not, on appeal, weigh the evidence nor determine the credibility of witnesses, and when the sufficiency of the evidence is raised as an issue upon appeal, we will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Turner* v. *State* (1972), 259 Ind. 334, 287 N. E. 2d 339.

The foregoing evidence, although circumstantial, clearly supports an inference of the requisite guilty knowledge and intent. While substantial evidence means more than "seeming or imaginary," *Finch* v. *State* (1967), 249 Ind. 122, 231 N. E. 2d 45, a verdict upon which reasonable men might differ will not be set aside. The evidence in this case is circumstantial, but conviction may be sustained by circumstantial evidence alone, and we can not say that, based on that evidence, although only circumstantial, and the reasonable inferences to be drawn therefrom the evidence is insufficient as a matter of law. Where the sufficiency of circumstantial evidence is in question, we examine it carefully, not for the purpose of finding whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the view of deciding whether an inference may be reasonably drawn therefrom tending to support the finding of the trial court. *Stice* v. *State* (1950), 228 Ind. 144, 89 N. E. 2d 915; *Petillo* v. *State* (1950), 228 Ind. 97, 89 N. E. 2d 623.

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C.J., Givan and Hunter, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—In *Jackson* v. *State* (1967), 248 Ind. 579, 228 N. E. 2d 3, cited by appellant here, this Court said:

"Uttering is the offering of a forged instrument, knowing it to be such, with a representation that it is genuine, and with an intent to defraud." 248 Ind. at 583.

There was no evidence, direct or circumstantial, presented in this trial from which the trier of fact could conclude that appellant knew this check was forged or that he passed it with the intent to defraud. And the majority in its opinion suggest none. This conviction should be reversed for insufficiency of evidence.

NOTE.—Reported in 291 N. E. 2d 554.