RODNEY MORRIS *v.* STATE OF INDIANA.

[No. 2-174A2. Filed December 30, 1974.]

*Jan E. Helbert, Eisele & Helbert,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

WHITE, J.—Appellant was charged by affidavit with the offense of First Degree Burglary and was convicted by jury trial of the included offense of Entering to Commit a Felony (Theft). He was sentenced to an indeterminate term of one to five years, given credit for time spent in jail awaiting trial and recommended for the early work release program.

He now appeals, alleging that the evidence was insufficient to prove intent to commit a felony.

We affirm.

The evidence most favorable to the State is that at approximately 10:30 one morning an Indianapolis police officer went to investigate a citizen report of a possible burglary occurring at a neighboring house. As he was stopping his patrol car in front of the house appellant came out the door, stopped, looked at the police officer and fled. Appellant was apprehended four blocks away after a foot pursuit during which two shots were fired. Two other suspects were involved, one who was apprehended at the scene and one who escaped temporarily. Investigation showed that a boarded window in the back door of the house had been pushed out and the back door was open. A car belonging to one of the other suspects was found in the alley behind the house and property of the resident of the house was found in the car. One of the other suspects (who had already pleaded guilty) testified that he, appellant and the third suspect, a juvenile, had driven to the house in his car, that appellant and the third suspect had stood behind him as he opened the back door, and that all three entered the house together.

Appellant's argument on the lack of proof of intent is based mainly on the testimony of the second suspect who also testified that while on the way to the house he and the third suspect were in the front seat of the car discussing the prospective burglary and he was not sure that appellant, who was in the back seat, heard the discussion; that he did not see appellant take anything from the house; and that he thought appellant didn't want to go in the house.

Appellant is requesting this Court to weigh the evidence and this we cannot do. Instead, "we will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of facts could reasonably infer that the appellant was guilty beyond a reasonable doubt." *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554, 555, and cases cited therein.

Applying that standard to the instant case we find that the evidence (presence at discussion of proposed burglary, presence at time of unlawful entry, presence in the house during removal of a stereo set, etc., to a companion's automobile, flight from police) is sufficient to permit the jury to infer that appellant entered with the intent to commit a felony.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 320 N.E.2d 756.