RICKIE A. CHAPMAN *v.* STATE OF INDIANA.

[No. 1-474A79. Filed January 30, 1975.]

*Richard S. Eynon, Eynon & Coriden,* of Columbus, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General.

LYBROOK, J.—Defendant-appellant Chapman appeals from a conviction of entering to commit a felony, raising two issues for review:

(1) Whether the jury verdict is supported by sufficient evidence.

(2) Whether it was error to admit an edited confession of appellant's co-defendant.

The evidence most favorable to the State reveals that on the evening of May 29, 1973, Richard Lucas and at least one unidentified accomplice burglarized Moffitt's TV Sales and Service at Columbus. At least three television sets and one portable stereo were taken. The stolen property was hidden in a barn outside of the city.

At approximately 10:00 P.M. on either May 30 or May 31, one Gary Johnson was approached by four persons who eventually sold him two of the stolen television sets. Johnson identified Chapman as being one of the four, but did not recall if Chapman actually solicited the sale. However, Chapman received payment for the sets and helped carry them into Johnson's home.

On or about the same date, Chapman approached one Charles Johnson and solicited the sale of another stolen television. Although he recalled paying Chapman, Johnson did not remember if Chapman ever had physical possession of the set because the purchase was made sight unseen and the set "appeared" in Johnson's garage after the transaction.

The State presented no evidence tending to place Chapman at or near the scene of the crime, and the foregoing is the only evidence concerning Chapman's possession of the stolen property.

The crime for which Chapman was convicted consists of two material elements: (1) his entry into Moffitt's TV Sales and Service Store in Columbus, (2) with an intent to commit a felony therein. *Luckett* v. *State* (1972), 259 Ind. 174, 284 N.E.2d 738; IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956 Repl.)

In reviewing Chapman's conviction we are mindful that it may be sustained on circumstantial evidence alone. See, *Wright* v. *State* (1974), 161 Ind. App. 317, 316 N.E. 2d 385 and cases cited therein. Further, in determining whether the conviction was supported by sufficient evidence, this court neither weighs the evidence nor resolves questions of witness credibility. Rather, we consider only that evidence most favorable to the State, together with all reasonable inferences deducible therefrom. If from that viewpoint there is substantial evidence of probative value to establish each material element of the crime, the verdict will not be disturbed.

The evidence does not lend itself to a reasonable inference that Chapman entered Moffitt's shop. There is no evidence which places Chapman at or near the scene of the crime. Nevertheless, the State urges that Chapman's conviction is supported by sufficient evidence in that "the unexplained exclusive possession of property soon after it is stolen is evidence of theft. *Durrett* v. *State* (1967), 249 Ind. 12, 230 N.E.2d 595."

While the veracity of the maxim advanced by State cannot be questioned,[1] we find State's reliance upon it misplaced in the case at bar. Chapman was neither charged with nor convicted of theft. Mere unexplained possession of property soon after it was stolen, in and of itself, is not sufficient circumstantial evidence to sustain a conviction of entering to commit a felony. Unless there is evidence of probative value which supports an inference that the accused entered the building in question, and further that he did so with an intent to commit a felony therein, the conviction must be reversed. *Melvin* v. *State* (1968), 249 Ind. 351, 232 N.E.2d 606. There being no evidence which supports a reasonable inference that Chapman entered the building in question, his conviction must be set aside.

Having determined that the evidence presented was insufficient to support the verdict, we need not address the other issue raised by Chapman.

Judgment reversed.

Robertson, C.J. and Lowdermilk, J., concur.

---

1. See, *Holtel* v. *State* (1972), 155 Ind. App. 1, 290 N.E.2d 775.