FRANKLIN C. RANCE AND LARRY W. THURSTON *v.* STATE OF INDIANA.

[No. 1-1074A155. Filed July 23, 1975.]

*R. Steven Keck, Palmer, Hinkle, Brenton & Keck,* of Danville, *William R. Jones,* of counsel, of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

PER CURIAM—The only issue presented by this appeal which is necessary to our decision is whether the evidence is sufficient to sustain Franklin C. Rance's conviction of Second Degree Burglary[1] and Larry W. Thurston's conviction of Entering to Commit a Felony.[2]

We reverse.

The evidence viewed most favorably to the State shows the following:

Sometime between 11:00 p.m. on December 9, 1973 and 6:30 a.m. on December 10, 1973, the Moose Lodge in Danville, Indiana was entered by means of a hole chopped in the roof with an ax or pry bar. Among other things, several locked bank money bags full of cash were taken.

At about 11:30 p.m. on December 12, 1973, a car driven by Rance with Thurston, the owner, as a passenger was stopped for a traffic violation near Brownstown, Indiana. A grocery sack containing the money bags taken in the Moose Lodge burglary were found in the unlockable trunk of the car. The bags had all been cut or torn open and were empty.

On appeal, Rance and Thurston contend the evidence established only their constructive possession of stolen property, which, under the circumstances of this case, is not sufficient to permit an inference that they committed the burglary.

Convictions of both second degree burglary and entering

1. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).
2. IC 1971, 35-13-4-5, Ind. Ann. Stat. § 10-704 (Burns 1956).

to commit a felony may be sustained on evidence that is wholly circumstantial. *Parsons* v. *State* (1973), 159 Ind. App. 160, 304 N.E.2d 802; *Chapman* v. *State* (1975), 163 Ind. App. 137, 321 N.E.2d 863. In considering the sufficiency of this evidence, we must examine it, not for the purpose of determining whether it is adequate to negate every reasonable hypothesis of innocence, but rather to decide whether an inference may be drawn therefrom that the defendants are guilty beyond a reasonable doubt. *Giles* v. *State* (1974), 162 Ind. App. 639, 320 N.E.2d 806.

Evidence of unexplained possession of recently stolen property will support a conviction of the theft of that property. *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N.E.2d 219. However, these defendants were convicted of second degree burglary and entering to commit a felony, rather than theft. As to these crimes, evidence of unexplained possession of recently stolen property may support a conviction, but only if other evidence is adduced to link the defendants with the crime. *Chapman, supra, Giles, supra.* No such evidence was presented in this case and therefore, the convictions of Rance and Thurston must be reversed.

Judgment reversed.

NOTE.—Reported at 331 N.E.2d 40.