NED GRIGSBY, JR. *v.* STATE OF INDIANA.

[No. 776S214.  Filed January 18, 1978.]

*William R. Wilson,* of Lawrenceburg, *Bobby Jay Small,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *David T. O'Malia,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Ned Grigsby, Jr., was charged with felony-murder in the robbery and death of Edwin Cole and upon conviction was sentenced to life imprisonment. Two issues are presented for review:

1. Whether the course of conduct followed by two jurors resulted in juror misconduct and deprived the defendant of a fair trial; and

2. Whether there exists sufficient evidence that the victim was robbed to support a conviction of felony-murder.

The evidence from the record which is relevant to these two issues is as follows.

The victim, Edwin Cole, was seen with the defendant in a tavern one evening. The next morning Cole's body was found in a bus in the parking lot of a nearby filling station. It was shown that the victim usually carried at least $100 in cash in his wallet. Two witnesses who lived across the street from the filling station testified that about 1:00 a.m. the night of the murder they saw a red car pull into the station. They saw one of the occupants kick the other and drag him into the bus. Other witnesses testified that they saw the red car in the filling station that night and that it was the defendant's car. The victim's wallet contained only $3 in one compartment and $30 slid down in another compartment when his body was found. The defendant was arrested the morning after the crime and had $40 and the keys to the victim's car in his possession.

After the trial, the defendant submitted the affidavit of one of the jurors who stated that she had driven by the scene

of the crime to determine how well the witnesses who lived across the street could see the parking lot. She stated that this view was the "turning point" in her decision as to the guilty verdict. The defendant also submitted the affidavit of his attorney who had talked with another juror who had visited the scene of the crime.

## I.

The defendant first contends that the visits to the scene of the crime by two jury members has resulted in unauthorized evidence being considered by the jury and has deprived him of his right to a fair trial. He has submitted two affidavits which show that two jury members made visits to the scene of the crime. One affidavit was that of the attorney for the defendant who talked to one member of the jury on the phone. She stated on the phone that she had traveled to Holten, Indiana during the time of the trial to "investigate matters of evidence which were brought up within the trial." However, since she later would not discuss this comment any further there is no proof that anything she saw was actually prejudicial to the defendant or that she actually viewed any unauthorized evidence.

The other affidavit was submitted by a juror who stated that she drove past the parking lot of the filling station to determine how well the two witnesses could view the scene of the crime. She further stated that this "was the turning point in my decision as to my verdict."

There is a well established rule in Indiana that a juror may not impeach his verdict. In *Stinson* v. *State,* (1974) 262 Ind. 189, 313 N.E.2d 699, this Court set out the reasons for strictly maintaining this rule.

"If this Court were to permit individual jurors to make affidavits or give testimony disclosing the manner of deliberation in the jury room and their version of the reasons for rendering a particular verdict, there would be no reasonable end to litigation. Jurors would be harassed by

both sides of litigation and find themselves in a contest of affidavits and counter-affidavits and arguments and re-arguments as to why and how a certain verdict was reached. Such an unsettled state of affairs would be a disservice to the parties litigant and an unconscionable burden upon citizens who serve on juries." 262 Ind. 189, 198, 313 N.E.2d 699, 704.

The defendant argues that this rule does not apply in the instant case because there was unauthorized evidence involved. The Supreme Court of the United States has considered the conflict between the policy in not allowing a juror to impeach his verdict and the constitutional rights of confrontation and cross-examination when the unauthorized evidence involved the words of another person. The Court found that a bailiff's comments to a jury were reversible error and that "the rights of confrontation and cross-examination are among the fundamental requirements of a constitutionally fair trial." *Parker* v. *Gladden*, (1966) 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420. But the Court has refused to hold that jury contact with outside information is always a cause for overthrowing a verdict and has wisely held that each such case must "turn on its own special facts." *Marshall* v. *United States*, (1959) 360 U.S. 310, 312, 79 S.Ct. 1171, 1173, 3 L.Ed.2d 1250, 1252.

This Court has carefully considered these issues in *Waye* v. *State*, (1970) 255 Ind. 136, 263 N.E.2d 165. In that case all of the jurors viewed the scene of the alleged burglary en route to and from a restaurant during their deliberations. This Court considered the specific facts involved and held that the unauthorized view was not shown to have so prejudiced the defendant that he was entitled to a new trial.

In the case at bar, while it is clear that one jury member did have an unauthorized view, it has not been shown that this has so prejudiced the defendant that he was denied a fair trial. The record shows that it was established in several ways that the view in question was unobstructed. Photographs were admitted into evidence that

showed the area and the location of the witnesses's home in relation to the place of the crime. Another witness testified to the unobstructed view. The area in question was on a frequently traveled public highway which might have been seen by several jury members.

Furthermore, the evidence given by the witnesses at this location was only cumulative and was not shown to be material evidence. The two witnesses at that location could not testify as to the identity of any individuals involved. They merely testified to seeing some activity in the parking lot. Other, more direct evidence was presented which would tend to connect the defendant with the crime.

To accept the juror's statement that what she saw during her visit was the "turning point in my decision" would violate the rule against impeachment by affidavit, would encourage harassment of jurors, and would substantiate a fear expressed by the court in *Lindsey* v. *State,* (1972) Ind. App., 282 N.E.2d 854, 861; reversed on other grounds, 260 Ind. 351, 295 N.E.2d 819:

> "It is all too easy for ingenious counsel to prepare carefully worded affidavits to cast doubt on a jury verdict. Such a practice undermines the right to trial by jury." 282 N.E.2d 854, 861.

We find no facts in this case which show that the unauthorized view was so prejudicial to the defendant that it interfered with his right to a fair trial. There is no prejudice shown which would cause an exception to the rule against juror impeachment by affidavit. The trial court considered the affidavits and did not find cause for the granting of a new trial. We find no error in the trial court's ruling.

## II.

The defendant next contends that there was not sufficient evidence to sustain the finding that he robbed the victim,

Edwin Cole. The law is clear that a conviction may be sustained on circumstantial evidence alone. *Chapman* v. *State,* (1975) 163 Ind. App. 137, 321 N.E.2d 863; *Wright* v. *State,* (1974) 161 Ind. App. 317, 316 N.E.2d 385. In determining whether the conviction was supported by sufficient evidence, this Court neither weighs the evidence nor resolves questions of witness credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn from the evidence. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E. 2d 776.

In the case at bar, the victim's car keys were found on the defendant when he was arrested. There was testimony that the defendant had said earlier in the evening that he did not have any money, but when he was arrested he had $40 in his possession and $2 was found under the seat of his car. Two witnesses testified that they heard the defendant say he was going to "roll" the victim and take his money and tires. This testimony along with the unexplained presence of the $40 and the victim's car keys on the defendant is sufficient evidence from which the jury could well have concluded that the defendant did, in fact, rob the victim on the night of the crime.

For all the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Givan, C.J., DeBruler and Pivarnik, JJ., concur; Prentice, J., not participating.

NOTE.—Reported at 371 N.E.2d 384.