**Nathaniel CUMMINGS, Appellant (Defendant below).**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 478S62.

Supreme Court of Indiana.

Jan. 23, 1979.

Preston T. Breunig, Gary R. Landau, Buck, Berry, Landau, Breunig & Quinn, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Nathaniel Cummings, was found guilty by a jury on five counts: I, II, and V, Commission of a Felony While Armed, to wit: Robbery, Ind.Code § 35–12–1–1 (Burns 1975); IV, Aggravated Assault and Battery, Ind.Code § 35–13–3–1 (Burns 1975); and VI, Physical Injury Inflicted During Commission of a Robbery, Ind.Code § 35–13–4–6 (Burns 1975). Count III which was another count of aggravated assault was dropped prior to trial. He received fifteen years' imprisonment on each of Counts I, II, and V, one to five years' imprisonment on Count IV, and life imprisonment on Count VI. His direct appeal raises the following issues:

1. Whether the verdict was based upon sufficient evidence on Counts II and VI; and

2. Whether the trial court erred in denying defendant's motion for mistrial after a failure of the court to admonish the jury to disregard certain questions and comments of the deputy prosecutor.

The facts from the record most favorable to the state show that a cleaners was robbed by two men, one of whom was holding a knife. The robbers ordered the store's employee, Jeanne Stevason, to open the cash register and then took the money from the drawer. At this point, another employee, Jeanne Myers, came into the store to begin her shift. The robbers demanded her money and she threw it on the floor. The robbers then forced both women to go to the washroom at the back of the store and lie on the floor. The women were repeatedly hit about the face and head until they told the robbers where to look for additional money.

During the robbery, a customer, Eva Messick, came into the store and walked up to the counter. The robbers demanded her money and then took her billfold out of her hand. She was knocked down and dragged by her hair to the back of the store. She was seriously injured by this assault with a cut through her right eye, both eyes almost swollen shut, hair pulled out on one side of her head, and her dentures and glasses broken. Plastic surgery was later required on her face. At the trial, she identified the defendant as one of the men who robbed and assaulted her.

The defendant filed a notice of alibi asserting that he was in a drugstore buying cigarettes at the time of the robbery and that Jimmy Spearman and Harvey Cummings were the two robbers. Spearman directly contradicted this alibi by testifying that he was the one who had been in the drugstore buying cigarettes and that Harvey and the defendant were the robbers. Also, immediately after the crime one of the victims identified the defendant and Harvey Cummings as being the two robbers.

## I.

Defendant first contends that there is insufficient evidence to show that Mrs. Messick was injured with a "deadly or dangerous weapon or instrument" as required by Ind.Code § 35–13–4–6. The state asserts that Mrs. Messick was hit with a stapler and that this stapler is a "deadly or dangerous weapon" within the meaning of the statute.

The evidence presented at trial established that prior to the robbery one of the store's staplers was lying on the front counter where it had been placed by Mrs. Stevason. This stapler was later found on the floor by the police with what appeared to be blood on it. Mrs. Messick did not see what she was hit with but did testify that she was knocked unconscious. Defendant asserts that there is not sufficient proof that Mrs. Messick was actually hit with the stapler and that she may have injured her face by hitting a sharp corner of the counter as she fell.

We first must note again that in reviewing the sufficiency of the evidence we do not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Poindexter v. State,* (1978) Ind., 374 N.E.2d 509; *Grigsby v. State,* (1978) Ind., 371 N.E.2d 384; *Henderson v. State,* (1976) 264 Ind. 334, 343 N.E.2d 776. We also do not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only that an inference may reasonably be drawn therefrom tending to support the finding of the jury. *Jones v. State,* (1978) Ind., 377 N.E.2d 1349; *McAfee v. State,* (1973), 259 Ind. 687, 291 N.E.2d 554.

■ In the instant case, the testimony of the victim that she was knocked unconscious, the evidence of the nature and extent of her injuries, along with the testimony that the stapler was found on the floor by the police instead of on the counter where it had been left, was sufficient to support the verdict of the jury.

■ Defendant further contends that even if Mrs. Messick was injured with the stapler, a stapler does not fall within the items enumerated in Ind.Code § 35–13–4–6. The test for whether an item is a deadly or dangerous weapon is a "usage test" and was set out by this Court in *Short v. State,* (1954) 234 Ind. 17, 122 N.E.2d 82. It is not the originally intended use of the object which is important, but the manner in which it is used during the crime. *Jones v. State,* (1978) Ind., 381 N.E.2d 1064; *Patton v. State,* (1969) 252 Ind. 678, 251 N.E.2d 559. In the instant case, the evidence shows that the stapler was used as a bludgeoning instrument to inflict injury. As such, it qualified under the statute as "a deadly or dangerous weapon."

■ Defendant next contends that there was insufficient evidence to support the

jury verdict on the armed robbery of the second employee, Mrs. Myers, because there was no proof that she was "in fear" at the time her money was taken. While it is true that Mrs. Myers's testimony was equivocal as to the exact moment she first became afraid, an inference of fear can reasonably be drawn from an act of robbery. *Burton v. State,* (1973) 260 Ind. 94, 292 N.E.2d 790. It is clear that Mrs. Myers realized a robbery was taking place as she testified that when the two men demanded her money she "was too scared to be afraid," and that she threw her money to the floor. The act of the robbery and this testimony was sufficient evidence of probative value to support the jury verdict on this count.

## II.

The defendant next contends that it was error for the trial court to deny his motion for mistrial and fail to admonish the jury after two instances of alleged misconduct by the deputy prosecutor. During the direct examination of Jimmy Spearman, the deputy prosecutor asked two questions about Spearman's prior trial for the same crime. Spearman said his trial had been continued and that the charges against him had then been dropped. The defendant argues that the jury should have been admonished at this time to disregard these two questions and answers since they bolstered the credibility of the state's witness.

The other instance of alleged prosecutorial misconduct occurred during the cross-examination of the defense witness, Harvey Cummings. The deputy prosecutor was questioning Cummings about his testimony at Spearman's prior trial and why it was different from his testimony at this trial. After Harvey stated that he could not remember his previous testimony, the deputy prosecutor said, "You can't recall. You were lying then, Harvey Cummings, and you're lying now." The defendant objected to these comments and moved for a mistrial. This motion was overruled.

While it is true that it is improper for either advocate to express his personal opinion of the veracity of witnesses, the existence of prosecutorial misconduct does not necessarily constitute reversible error. Only where the prosecutorial misconduct places the defendant "in a position of grave peril" will the judge's decision be reversed. *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843. Even if error occurred by not granting a motion for mistrial or by not adequately admonishing the jury, the error will be harmless if there is overwhelming evidence of guilt. *Biggerstaff v. State,* (1977) Ind., 361 N.E.2d 895; *Phelps v. State,* (1977) Ind., 360 N.E.2d 191.

In the instant case, there was unequivocal identification of the defendant by two of the victims, and the other victim was able to positively identify the trousers defendant had been wearing because of their unusual color and pattern. The improper remarks directed toward the alibi witnesses would not have much persuasive effect on the jury in light of this unequivocal identification testimony. No reversible error has been shown.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.