## BAKER *v.* STATE OF INDIANA.

[No. 0-795. Filed February 1, 1966.]

*Charles Baker, pro se.*

*John J. Dillon,* Attorney General, and *Raymond I. Klagiss,* Deputy Attorney General, for respondent.

ARTERBURN, J.—The petitioner pleaded guilty in the Jackson Circuit Court in August, 1959 to a charge of assault and battery with intent to commit rape (a felony) and was accordingly sentenced under Burns' Ind. Stat. Anno. § 10-401 (1956 Repl.), Assault and Battery with Intent to Commit Felony.

The petitioner now has filed in this Court a "Petition for Certiorari", asking that this Court enter an order overruling the order of the Honorable Jonathan J. Robertson, Judge of the Jackson Circuit Court, who overruled a petition

of the petitioner "for Modification of Void Judgment". Petitioner claims that the Honorable John M. Lewis was "trial judge" at the time he was sentenced and that the Honorable Jonathan J. Robertson thereafter succeeded him and had no authority to rule on said motion under Rule 1-9 of this Court.

1. Rule 1-9 reads as follows:

> *"Rule 1-9. Authority of Judges.* The judge who presides at the trial of a cause shall, if available, rule on the motion for a new trial, if one is filed, and shall sign all bills of exceptions, if such are requested. The unavailability of any such trial judge shall be determined and shown by a court order made by the judge then presiding in such court."

It should be noted that that rule is applicable only where a trial has occurred and a motion for a new trial is pending. In the case before us, petitioner had no trial. He was sentenced on a plea of guilty. There was no motion for a new trial filed.

It is further pointed out that there is no merit in the petitioner's "Petition for Modification of Void Judgment," which contends he should have been sentenced under Burns' Ind. Stat. Anno. § 10-403 (1956 Repl.) Assault and Battery—Sex, and that the original charge should have been made on that ground. One important difference between Burns' Ind. Stat. Anno. § 10-401 (1956 Repl.), Assault and Battery with Intent to Commit a Felony and Burns' Ind. Stat. Anno. § 10-403 (1956 Repl.), Assault and Battery—Sex, is that rape may be involved in the first statute and not necessarily involved in the second. Petitioner pleaded guilty to Assault and Battery with Intent to Commit Rape.

For the reasons stated, the petition is denied.

Myers, C. J., Rakestraw and Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 213 N. E. 2d 702.