WALLACE J. STUBBLEFIELD *v.* STATE OF INDIANA.

[No. 1275S370. Filed June 16, 1977.]

A. *Martin Katz, Messrs. Katz & Brenman,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

GIVAN, C.J.—This appeal is in this Court pursuant to Ind. R. Ap. P. 4(A)(5), which provides that the Supreme Court shall have initial appellate jurisdiction over those cases involving the exercise of jurisdiction by the other courts of the State, including the issuance of writs of mandate and prohibition.

The sole question presented by this appeal is whether the presiding judge, who accepted the guilty plea but relinquished jurisdiction for sentencing to a special judge, can thereafter resume jurisdiction pursuant to a local rule and correct an erroneous sentence imposed by the special judge.

The record discloses the following facts: Appellant was charged with kidnapping and rape. Following an initial plea of not guilty, the appellant entered a plea of guilty to the crime of rape, after which the State, pursuant to agreement, dismissed the kidnapping charge. The docket sheet entry for the hearing which was had at the time of the plea, erroneously reflected that the State would not oppose probation for the appellant. On the date set for sentencing, the Presiding Judge Letsinger was confined in a hospital. The Chief Judge, James J. Richards of the Lake Superior Court, after conferring with Judge Letsinger, assigned himself to the cause pursuant to local rule (1) on jurisdiction and transfer, and in reliance upon the erroneous docket entry, sentenced defendant to a term of two to twenty-one years and suspended the execution of the sentence, placing the appellant on probation for three years.

Upon Judge Letsinger's reassuming the bench, the State moved to make a *nunc pro tunc* entry reflecting the fact that the State did in fact oppose probation for the appellant. This motion was concurred in by the appellant and his counsel. The correction was therefore made.

Judge Richards reassigned the case to Judge Letsinger who, on April 12, 1975, granted the State's motion to correct the sentence previously imposed by Judge Richards. In so doing it was observed that the statute, IC 1971, 35-7-1-1, prohibits the suspension of a sentence after a conviction for the crime of rape.

Appellant concedes the law in Indiana to be that a trial court has the authority to amend an erroneous sentence. *Sutton* v. *State*, (1966) 248 Ind. 1, 221 N.E.2d 430; *Woods* v. *State*, (1955) 234 Ind. 598, 130 N.E.2d 139. Appellant, however, relies on *State ex rel. Harp* v. *Vanderburgh Circuit Court*, (1949) 227 Ind. 353, 85 N.E.2d 254, to support his proposition that only the judge who originally imposed the sentence can modify or correct it. However in the *Harp* case there had been a trial on contested facts and a motion for new trial had been filed and was pending.

In *Baker* v. *State*, (1966) 247 Ind. 159, 213 N.E.2d 702, this Court interpreted the rule set forth in *State ex rel. Harp* v. *Vanderburgh Circuit Court, supra,* to apply only to situations where trial has occurred and a motion for new trial is pending. In the case at bar there was no trial. The appellant had entered a plea of guilty to which the court was required to apply a lawful sentence. Whether it was a special judge or the regular presiding judge, there was a duty on the part of the court to correct the erroneous sentence in this case.

The sentence was properly corrected. The trial court is therefore affirmed.

Hunter and Pivarnik, JJ., concur; DeBruler, J., concurs with opinion in which Prentice, J., concurs.

### CONCURRING OPINION

DeBruler, J.—The two trial judges sitting upon appellant's case were at all times relevant hereto judges of the same court, namely, the Superior Court of Lake County, a multi-judge court. It was well within the authority of Judge Richards, acting pursuant to Ind. Code § 33-5-29.5-19, as

Chief Judge of that court to take temporary assignment of one of Judge Letsinger's cases during his illness, and after Judge Letsinger's return to work to reassign the case to Judge Letsinger. The statute creating the court with its flexible judicial operation provides the legal basis for the judicial act of Judge Letsinger.

Prentice, J., concurs.

NOTE.—Reported at 363 N.E.2d 1232.