**Charles Michael ATKINSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–880A201.**

Court of Appeals of Indiana, First District.

Oct. 23, 1980.

Rehearing Denied Dec. 3, 1980.

E. Edward Dunsmore, Knightstown, R. Clark Allen, New Castle, for appellant.

Theodore L. Sendak, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

This appeal is a result of an evidentiary hearing held to determine the question of juror misconduct. This hearing was held as a result of our decision in *Atkinson v. State*, (1979) Ind.App., 391 N.E.2d 1170. Following the hearing, the trial judge determined that the challenge to the juror should be overruled.

We affirm.

To briefly recount the facts of the case, Charles Michael Atkinson was convicted by a jury of committing a felony while armed and sentenced to ten (10) years in prison. Although we resolved all of the other issues raised by Atkinson in his original appeal against him, we remanded the case to the trial court for an evidentiary hearing as to a juror's possible bias. This possibility arose as a result of affidavits offered by Atkinson's brother--in--law, William Burns; Burns' wife, Anita; his son, John, and a waitress at a local restaurant, Lois Ballard. Those affidavits stated that one of the jurors knew Atkinson's family, presumably the Burnses, and that the juror, Wayne Larrison, told the Burnses that he might have to disqualify himself although he did not know who Atkinson was until he saw the first witness at trial.

The juror misconduct hearing was held on March 13, 1980, at which time Atkinson elected not to present any evidence. On appeal, Atkinson argues the trial court erred as a matter of law, when it established the following guidelines for the hearing: (a) The remand hearing was held in a "voir dire" or "challenge for cause" posture. (b) The burden of proof was placed upon Atkinson by a preponderance .of the evidence. (c) The parties were not allowed to question the juror regarding any statements made by him or fellow jurors during the course of the deliberations. Further, Atkinson contends the burden of proof should have been placed upon the State, to show beyond a reasonable doubt, the lack of bias or prejudice. We cannot agree with these contentions, and believe the procedure used by the trial court was proper, and implicit in the holdings of *Atkinson v. State, supra; Barnes v. State*, (1975) 263 Ind. 320, 330 N.E.2d 743; and *Stevens v. State*, (1976) 265 Ind. 396, 354 N.E.2d 727.

It is well settled that a juror may not impeach his verdict. *Grigsby v. State*, (1978) 267 Ind. 465, 371 N.E.2d 384; *Bryant v. State*, (1979) Ind., 385 N.E.2d 415; *Gregory v. State*, (1975) 164 Ind.App. 659, 330 N.E.2d 130. The reason for this is because there would be no reasonable end to litiga-

tion, and the burden upon the juries would be unconscionable. *Grigsby, supra; Stinson v. State,* (1974) 262 Ind. 189, 313 N.E.2d 699.

In *Barnes, supra,* the supreme court remanded the case for an evidentiary hearing to determine if juror bias existed. In commenting upon the possibility of bias, the court declared, "[i]n such a situation the *defendant* would need to have the opportunity to probe the juror and, if he chose, to *challenge for cause.*" 263 Ind. at 326, 330 N.E.2d at 747 [emphasis added]. The following year, the supreme court again had cause to comment on alleged juror misconduct in *Stevens v. State, supra.* In *Stevens,* the supreme court commented favorably on *Barnes,* and determined, "[t]he possibility of bias was sufficient to require that the *defendant* be afforded an opportunity to explore the juror's prejudices so as to *challenge for cause* if bias existed." 265 Ind. at 402, 354 N.E.2d at 732 [emphasis added].

In our prior disposition of this case, we reviewed the decisions of *Barnes* and *Stevens,* and stated that if the juror was biased or prejudiced in some manner, then a *challenge for cause* will be shown to have existed. In looking to determine the party with the burden of proof, we stated that "*Atkinson* will be able to made [sic] the challenge at the evidentiary hearing on remand." 391 N.E.2d at 1174 [emphasis added].

We think the conclusions to be drawn from these cases are clear. At an evidentiary hearing on remand to determine juror bias or prejudice, the hearing is to be conducted in a "challenge for cause" posture, with questions directed at determining whether the juror was biased and how, and not at the deliberation process used by the jurors once they got the case. Also, it is evident that the burden of proof to show bias or prejudice is on the defendant. Once the defendant makes a *prima facie* case, the burden of going forward will shift to the State to attempt to refute the defendant's evidence. Then, the sustaining or overruling of a challenge for cause will be within the trial court's discretion, which will be reviewed only to determine whether there was an abuse of that discretion. *Ste-*

*vens, supra; Klink v. State,* (1932) 203 Ind. 647, 179 N.E. 549.

At the evidentiary hearing held for Atkinson, he decided not to present any evidence. Consequently, his allegation was based solely on the affidavits. This is not sufficient to make a *prima facie* showing. The affidavits were sufficient to only raise the question of possible misconduct. Therefore, Atkinson never sustained his burden of showing a *prima facie* case of misconduct. The trial court did not err.

The order of the trial court denying Atkinson's motion for a new trial is affirmed, and Atkinson is ordered to be delivered to the custody of the Department of Corrections.

Judgment affirmed.

NEAL, J., and YOUNG, J. (sitting by designation), concur.