**Raymond SHAFFER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1281S347.**

Supreme Court of Indiana.

Jan. 20, 1983.

Frederick T. Work, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Rape, Ind.Code § 35–42–4–1 (Burns 1979) and of being an Habitual Offender, Ind. Code § 35–50–2–8 (Burns Supp.1982) and was sentenced to forty-five (45) years imprisonment. This direct appeal presents the following issues:

(1) Whether the evidence is sufficient to sustain the Rape conviction.

(2) Whether the trial court erred in denying Defendant's motion for a directed verdict upon the Rape charge.

(3) Whether the Rape Shield statute, Ind. Code § 35–1–32.5–1 (Burns 1979) violates the Equal Protection clause of the Fourteenth Amendment.

\*       \*       \*

ISSUES I & II

At the close of the State's case, Defendant moved for a directed verdict, which the trial court denied. Thereafter Defendant presented evidence and by so doing

rendered any error in the denial of this motion unavailable for review. *Ingram v. State,* (1981) Ind., 426 N.E.2d 18, 19. However, Defendant's arguments under both of these headings challenge the sufficiency of the evidence. Defendant interposed a "consent" defense and argues that the evidence shows that the prosecutrix willingly entered the automobile, willingly consumed an alcoholic beverage supplied by Defendant, willingly propositioned Defendant, willingly disrobed, willingly engaged in sexual intercourse, never attempted to escape, and cried "Rape" when he refused to pay for services rendered.

> "Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom the verdict will not be disturbed, (citation omitted). In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses, (citation omitted)."
>
> *Loyd v. State,* (1980, Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

There is no need to burden this opinion with a detailed recitation of the testimony. The prosecutrix and her girl friend, Linda, together with the Defendant and his man friend, Harrison, were in an automobile parked at night in a remote spot. They had been driving around, drinking and talking. The girls were voluntarily present. They had not socialized together previously but were casually acquainted. The testimony of the four people is in accord to this point.

The prosecutrix testified that the Defendant and Harrison asked her and Linda to have sexual intercourse with them and that they both declined. She further testified that the Defendant then struck her twice in the face and threatened her with serious bodily harm if she refused. She also testified that he reached under the front seat of the car while threatening her. In the face of this abuse, she yielded. Linda, who was in the back seat of the automobile with Harrison corroborated her testimony.

After the parties returned to the city, they were stopped by police for a traffic violation. The women were excited and crying, and the prosecutrix told the police that Defendant had raped her. Underneath the front seat in the area where Defendant had reached while threatening Prosecutrix, the police found a handgun.

Defendant testified that the prosecutrix had agreed to have intercourse with him for pay and became angry with him when he refused to pay her for her services.

Harrison testified that he was in the back seat with Linda trying to persuade her to have sexual intercourse with him, while Defendant was trying to persuade the prosecutrix. He said that he could not see what was happening in the front seat, except that they took off some of their clothes. He denied seeing the Defendant strike the prosecutrix or rape her, but he acknowledged that both women had refused their requests and that both were crying.

■ Clearly the verdict was sustained by the above recited evidence. Defendant's claim that the State's evidence was "inherently improbable' and "insubstantial" is unfounded. See *Bentley v. State,* (1981) Ind., 414 N.E.2d 573, 574. The evidence was conflicting; and the jury, as the judge of its weight and credibility was not required to believe the Defendant's testimony or to draw, therefrom inferences favorable to his defense.

### ISSUE III

■ Defendant contends that the Rape Shield statute, Ind.Code § 35–1–32.5–1 (Burns 1979) violates the Equal Protection Clause of the Fourteenth Amendment in that it discriminates against defendants accused of Rape. This argument has heretofore, been found to be without merit. *Cherry v. State,* (1981) Ind., 414 N.E.2d 301, 306.

Defendant also appears to argue that testimony which he tendered was erroneously excluded, in that it was admissible under Sec. 2 of the Rape Shield Statute, because

its inflammatory or prejudicial nature did not outweigh its probative value.

At trial Defendant asked the court to allow two surprise witnesses to testify that the prosecutrix had been seen at an infamous intersection in Gary "* * * approaching various vehicles and possibly hooking." No formal offer to prove was made.

On cross-examination, the prosecutrix had testified that she did not frequent the vicinity of this intersection. Defense counsel represented to the court that "* * * the purposes for calling these witnesses is solely to impeach her testimony."

The trial court ruled that the Rape Shield statute precluded mention of any evidence about the prosecutrix's prior sexual conduct and explained that without the sexual innuendo of the proffered evidence, it was irrelevant.

To provide a basis for reversal, excluded testimony must appear in the record. This is accomplished by making an offer to prove what the answer, if permitted, would have been. *Gurley v. State,* (1976) 264 Ind. 552, 557, 348 N.E.2d 16, 20.

> " 'An offer of proof must be certain and must definitely state the facts sought to be proved, and must show the materiality, competency and relevancy of the evidence offered.' (citation omitted)."
> *Tope v. State,* (1977) 266 Ind. 239, 247, 362 N.E.2d 137, 142, *cert. denied,* (1977) 434 U.S. 869, 98 S.Ct. 209, 54 L.Ed.2d 146.

Assuming that Defendant's above quoted representation of the witness' testimony constituted an adequate offer to prove, the substance of that testimony falls within the proscription of the Rape Shield statute. *See Morgan v. State,* (1981) Ind., 425 N.E.2d 625, 628. Defendant urges that we apply the "basic principals (sic) of relevancy" inasmuch as the excluded testimony's probative value assertedly outweighed its prejudicial effect; however, this standard is not the test of admissibility under Ind.Code § 35–1–32.5–1. First there must be a finding, under procedures prescribed, that the tendered evidence is "material to a fact at issue."

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.