**Keith KAUFMAN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1285S516.

Supreme Court of Indiana.

Aug. 13, 1986.

Belle T. Choate, Choate, Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jody Cusson-Cobb, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Keith Kaufman was convicted after a bench trial of the murder of his seven-month old daughter, Ind.Code § 35–42–1–1 (Burns 1985 Repl.), and the court sentenced him to a 50–year term of imprisonment. In this direct appeal, he raises the following issues:

1. Whether the evidence was sufficient to prove Kaufman knowingly killed his daughter, and

2. Whether the sentence imposed was adequately supported by aggravating circumstances.

We affirm.

### I. Sufficiency of the Evidence

The evidence most favorable to the judgment of conviction is as follows. On March 20, 1985, appellant's daughter, Tiffany, was in his care because his wife was working. Kaufman was often home alone with the baby. His wife, Donna, testified that when she left for work that morning, Tiffany had no visible injuries.

Early in the afternoon, neighbors found appellant banging on their doors with Tiffany in his arms. He was screaming for help, yelling that Tiffany was not breathing. Efforts to resuscitate the bruised baby failed, and she was pronounced dead at the hospital.

An autopsy revealed that Tiffany died from multiple blunt force injuries; the doctor's conclusion was that the manner of death was homicide. Tiffany had contu-

sions and lacerations to her heart and head. She had multiple fractures of the spine and wrist, and various external injuries consistent with strangulation or compression. Some of the injuries were days old. Kaufman had told some of the neighbors at the scene that he had discovered Tiffany on the floor with a kitten on her face. When he picked her up, he bumped her head on the edge of the kitchen bar. The doctor who performed the autopsy eliminated this story as a plausible explanation for Tiffany's injuries.

Kaufman told his wife that Tiffany's death was his fault. After he was arrested he told his father-in-law that he was ready to tell him what happened. He said he had always been "too rough" with Tiffany. The day she died, he said, Tiffany had been crying, so he picked her up and squeezed and shook her until she was quiet. Then he "tried to stuff her into the chair." Afterward, she was not breathing.

Kaufman argues the evidence was insufficient to prove he knowingly killed Tiffany. It was not necessary for the State to prove that Kaufman actively wished for or desired the death of his daughter. A knowing murder was proven from the evidence that appellant intentionally squeezed, shook, and battered Tiffany and that he did so with an awareness of the probable consequences of his acts. *Horne v. State* (1983), Ind., 445 N.E.2d 976. It was well within the province of the fact-finder to convict Kaufman of murder. *Id.*

II. Aggravating Circumstances

█ Kaufman claims the court erroneously applied aggravating circumstances in imposing an enhanced sentence of 50 years imprisonment. He argues the court created aggravating criteria without an explanation of its reasoning, thereby preventing meaningful review of the sentence. At sentencing, the court stated:

The Court has read the pre-sentence report, has heard the testimony during the trial and likewise heard the testimony that was submitted this morning. The Court does find as aggravating circumstances that the victim was seven months of age and that the injuries inflicted on the victim occurred over a length of time and were continuous. The Court would therefore sentence the Defendant to a period of fifty years.

The court's statement belies Kaufman's claim that aggravating factors were created and unexplained. Clearly, the court considered the nature of the crime, as required by Ind.Code § 35-38-1-7. The sentencing judge may consider factors in aggravation which are not specifically listed in the statute, and it was within the bounds of his discretion to regard the infancy of the victim as a basis for an enhanced sentence.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.