**Kurtis Van MARTIN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 56S00–8712–CR–1122.

Supreme Court of Indiana.

March 6, 1989.
Rehearing Denied May 19, 1989.

Ralph Bower, Kentland, Robert B. Smart, Morocco, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Murder, for which he received a sentence of forty-seven (47) years.

The facts are: On December 7, 1986, appellant was living with Margaret Bulington and her two children, John and Ashley, in Kentland, Indiana. On that afternoon, appellant was at home babysitting with the children while Bulington was at work.

At about 6:00 p.m., paramedics were called to appellant's residence and appellant reported that he had accidentally fallen on two-year-old John in the bathroom. Doctors examining John observed bruises all over his body, estimated to be a few hours to a few days old. He had multiple bruises and injuries on all sides of his head, neck, back, and chest. He also suffered hemorrhages in his eyes associated with being shaken. John died two days later from brain hemorrhages caused from multiple blows to the head with a blunt instrument, such as a fist. Appellant testified that he accidentally fell upon the child.

Appellant argues he was denied his constitutional right to a fair trial when the trial court conducted an *in camera* hearing with a juror.

During *voir dire,* prospective juror White was asked whether she knew anything about appellant's case. She replied she knew very little and only from what she had seen in the newspaper and heard during *voir dire.* She said that despite her prior knowledge of the case she would make a determination upon the evidence and was not predisposed to a certain outcome of the case. She stated that news reports did not cause her to develop an opinion about the case because she does not always agree with the media. White was selected to serve as a juror.

On the third day of trial, appellant filed a motion for mistrial. His motion was based upon the allegation that juror White was biased. He filed an affidavit in which a township trustee of Newton County stated that White told her that she hoped she would be selected as a juror in Martin's case and said that she would make Martin pay for what he did to the child. The affidavit also alleged White said she could not make up her mind until all the witnesses had been heard.

When the trial court addressed the issue of appellant's motion for mistrial, he inquired of defense counsel if he was going to present evidence. Counsel responded that he was not. The judge then indicated he would interrogate juror White *in camera.* Defense counsel stated: "In truth and fact judge I would say that I think that would be the proper step for you to do under the circumstances."

The trial court held the *in camera* hearing and juror White denied making the statement. The court determined that juror White was not biased. Appellant now asserts that prejudice must be presumed from the communication between the judge and the juror outside the presence of the parties, and a new trial should be granted.

■ This Court has held that when the possibility of juror bias is at issue, it is proper for the trial court to conduct a hearing on the matter out of the presence of the remainder of the jury to determine whether bias exists. The trial court should allow the defendant to challenge the juror for cause and should excuse the juror and declare a mistrial if bias is found to be present. *Stevens v. State* (1976), 265 Ind. 396, 354 N.E.2d 727.

■ The burden is upon the defendant to show a juror's bias or prejudice. Once the defendant makes a *prima facie* case, the burden of going forward shifts to the State to attempt to refute the defendant's evidence. Then the disposition of a challenge for cause will be within the trial court's discretion, which will be reversed only for an abuse of that discretion. *Jarvis v. State* (1982), Ind., 441 N.E.2d 1; *Atkinson v. State* (1980), Ind.App., 411 N.E.2d 651.

■ Defense counsel made it clear to the trial court that no evidence would be

presented concerning the allegation of juror White's bias. Appellant asserts in his brief that the trustee was unavailable to testify due to her attendance at a funeral, but no motion was made for a continuance at trial and no indication was made that the defense intended to present her testimony at another time. Therefore, appellant's allegation of bias was based solely on an affidavit and as such was insufficient to make a *prima facie* showing. Because appellant did not sustain his burden of showing a *prima facie* case, we find no abuse of trial court discretion. *Id.*

■ Further, appellant complains on appeal of the trial court's procedure in calling the juror to an *in camera* hearing when the parties were absent, but when the trial court indicated its intention to do so, appellant did not object. Instead, he stated his approval of such a procedure. The failure to make a timely objection at trial results in waiver of the issue. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054.

Appellant argues the evidence is insufficient to sustain his conviction for murder. He contends that at most, the State merely proved that he committed acts of child abuse, but the State failed to prove he intended to kill the victim.

On appeal, we will not reweigh the evidence nor judge the credibility of the witnesses. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

■ This Court has held that in child abuse cases which resulted in the death of the child, the perpetrator may be convicted of murder absent proof that he desired the death of the victim. A knowing murder may be proven from the evidence that appellant intentionally battered the victim and that he did so with awareness of the probable consequences of his acts. *Kaufman v. State* (1986), Ind., 496 N.E.2d 90. Such a finding by the jury was proper under the facts in this case. We find the evidence is sufficient to sustain his conviction of murder. *Id.; Burkhalter v. State* (1979), 272 Ind. 282, 397 N.E.2d 596.

■ Appellant alleges the trial court erred by failing to give certain instructions to the jury. He first argues his tendered instruction on involuntary manslaughter should have been given because he was entitled to instructions encompassing his theory that the death was accidental.

To determine whether a trial court erred in refusing to instruct on a lesser included offense, we inquire first whether the language of the statute and the charging document necessarily include the lesser offense in the greater. Second, we determine whether evidence was introduced at trial to support giving the instruction on the lesser included offense. *Brown v. State* (1987), Ind., 512 N.E.2d 173.

We agree with the trial court that the evidence did not support an involuntary manslaughter instruction. The victim died from massive cerebral injuries caused by the infliction of several blows to his head and neck. He had multiple injuries on his entire body in various stages of healing. Such evidence does not comport with a theory that appellant accidentally fell on him. We find no error in refusing the instruction on involuntary manslaughter.

■ Appellant asserts his tendered instruction on inferences was erroneously refused. His instruction stated that the jury may accept or reject inferences which arise from the facts, and if two inferences arise from the facts, one being consistent with guilt and one with innocence and each is equally probable, the jury must accept the inference which is consistent with innocence.

The trial court gave an extensive instruction on the definitions of direct and circumstantial evidence. The instruction further explained that the law makes no distinction between the weight given to direct or circumstantial evidence, but it does require the jury to weigh all the evidence and become convinced of the defendant's guilt beyond a reasonable doubt before he can be convicted.

■ The trial court may properly refuse to give an instruction which is covered by other instructions. *Washburn v. State* (1986), Ind., 499 N.E.2d 264. We find no error in refusing appellant's instruction.

■ Appellant also argues the trial court improperly failed to give an instruction on the definition of sudden heat. During jury deliberations, the court was notified that the jury requested the legal definition of "sudden heat." The court responded by writing the word "no" on a piece of paper. Appellant contends the trial court's failure to *sua sponte* instruct the jury on the definition of sudden heat constitutes reversible error.

Appellant cannot complain of incomplete or omitted instructions when he has not tendered any instructions on that issue. Because appellant did not tender an instruction covering the definition of "sudden heat," he has waived the issue. *Ward v. State* (1988), Ind., 519 N.E.2d 561; *Law v. State* (1980), 273 Ind. 624, 406 N.E.2d 1185.

Appellant argues error occurred when the judge and jury communicated about the jury's request for further instructions on sudden heat discussed above. He asserts an inference of prejudice arises when the defendant is not present during communication from the judge to the jury.

■ When jurors request additional guidance from the court, the proper procedure is for the judge to notify the parties so they may be present in court before the judge communicates with the jury, and the parties should be informed of his proposed response to the jury. An inference of prejudice arises from an *ex parte* communication and this inference creates a rebuttable presumption that error has been committed. However, when the trial judge merely responds to a jury question by denying their request, any inference of prejudice is rebutted and any error is deemed harmless. *Marsillett v. State* (1986), Ind., 495 N.E.2d 699. We find no reversible error.

Appellant argues certain photographs were improperly admitted into evidence.

The victim's grandmother took photographs of him the evening before he suffered the fatal injuries. She did not have them developed until three weeks before trial and did not consider them relevant to the proceedings. The investigating officer did not learn about the photographs until after trial had begun. Appellant asserts the admission of the photographs was an unfair surprise which violated the discovery order.

■ The trial court has wide discretion in ruling on violations of a discovery order, and we will not reverse their determination absent an abuse of discretion. In selecting the proper remedy for the violation of a discovery order, the trial court considers whether the breach was intentional or in bad faith and whether prejudice resulted. The exclusion of evidence as a sanction for discovery abuse is not proper unless there is a showing that the prosecution engaged in deliberate or other reprehensible conduct which prohibited the defendant from receiving a fair trial. *Carter v. State* (1987), Ind., 512 N.E.2d 158.

■ The facts in appellant's case do not establish that the nondisclosure of the photographs was an intentional act of bad faith by the State. Additionally, we note that no motion for continuance was made by appellant. Failure to alternatively request a continuance upon moving to exclude evidence, where a continuance may be an appropriate remedy, constitutes a waiver of any alleged error pertaining to noncompliance with the court's discovery order. *Stark v. State* (1986), Ind., 489 N.E.2d 43. We find no error in the admission of the photographs.

■ Appellant contends the trial court failed to hold a hearing on whether Margaret Bulington, the mother of the victim, had a right to not testify. He asserts the trial court failed to comply with Ind.Code § 35–37–3–1(a), which states that if a witness refuses to answer a question, the court shall immediately conduct a hearing on the witness's refusal, after which the court shall decide whether the witness is required to answer the question. Appellant believes the trial court failed to hold a hearing to determine whether Bulington had a right to not testify.

The record shows that the jury was excused and Bulington was called by the defense and sworn in. The trial court then announced, "the purpose of this hearing is

to determine whether Margaret Bulington intends to offer any testimony." She answered a few of defense counsel's preliminary questions, and when asked with whom she lived, her attorney stated her intention to assert her Fifth Amendment privilege. Defense counsel then stated he approved of her right to invoke the Fifth Amendment and said he called her as a witness for the purpose of determining whether she had changed her mind about testifying. The record shows the trial court asked, "She's going to take the Fifth, is that right?" to which her attorney replied "Yes." The trial court concluded the hearing.

It is evident from the transcript of the hearing that the trial court determined that Bulington intended to not testify, and it is implicit in their colloquy that defense counsel, her counsel, and the trial court believed she had a right to do so. Appellant made no objection to the invocation of her Fifth Amendment rights nor to the hearing itself. We find the hearing complied with Ind.Code § 35-37-3-1(a).

Appellant argues the trial court failed to make a finding to specify that the aggravating factors outweighed the mitigating factors, so his enhanced sentence was erroneous.

When a trial court decreases or increases a sentence due to mitigating or aggravating circumstances, the factors used in making that determination must be listed in the record. *Lewis, supra.* It is for the trial judge to determine the weight to be given the aggravating or mitigating circumstances, and only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Hatchett v. State* (1987), Ind., 503 N.E.2d 398; *Guenther v. State* (1986), Ind., 501 N.E.2d 1071.

During appellant's sentencing hearing, the trial court found the mitigating factors to be that: appellant has no significant criminal history; the likelihood of a repeat offense is small; appellant has a strong support group of family and friends; and he has exhibited a sense of responsibility in his employment and financial support of others. The court then stat-

ed the following aggravating factors: appellant has abused drugs and alcohol since the age of fifteen; he is in need of rehabilitative treatment which can best be provided by a penal facility; a reduced or diminished sentence would depreciate the seriousness of the crime; and appellant was in a position of trust to the victim.

We find the trial court's statement sufficiently articulated the weighing of the aggravating and mitigating circumstances which justified the increased sentence.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs as to conviction but dissents as to sentencing.