Eric **THOMPSON**, Appellant (Defendant),

v.

**STATE of Indiana, Appellee (Plaintiff).**

No. 27A02–8909–CR–473.

Court of Appeals of Indiana, Second District.

June 26, 1990.

Brent Westerfeld, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant–defendant Eric Thompson (Thompson) appeals his conviction for child molesting,[1] a class C felony, claiming the court improperly excluded certain evidence, that the court erred when it communicated to the jury outside the presence of counsel, and that statements made by the prosecutor constituted prosecutorial misconduct.

We affirm.

## FACTS

The facts most favorable to the verdict indicate that Thompson, a nineteen-year-old black male, first became acquainted with A.C., a fourteen-year-old white female, over the telephone. A.C. would periodically call Thompson's home to speak with his younger sister, Cicely, who was in the same grade as A.C. Soon thereafter, A.C. began calling Thompson directly, to speak with him rather than his sister.

A.C. and Thompson began arranging late night "dates" whereby she would sneak out of her house to meet Thompson who would ride his bicycle to her neighborhood. On January 30, 1988, Thompson had a friend, Kent Smith (Smith), drive him to A.C.'s house where they picked her up at approximately 2:00 a.m. Smith drove around the area while Thompson and A.C. engaged in sexual intercourse in the back seat.

Thompson was arrested and charged with child molesting. Following a jury trial, Thompson was convicted and given a two year sentence. Thompson now appeals that conviction.

1. Ind.Code 35–42–4–3(c) (1988).

## ISSUES

Thompson raises three issues for our consideration, which we restate as:

1. Whether the trial court improperly excluded evidence that A.C. had previously engaged in sexual intercourse with him?

2. Whether the trial court erred in communicating with the jury outside the presence of counsel?

3. Whether statements made by the prosecutor during rebuttal final argument constituted prosecutorial misconduct?

## DECISION

*ISSUE ONE*—Whether the trial court improperly excluded evidence that A.C. had previously engaged in sexual intercourse with Thompson?

*PARTIES' CONTENTIONS*—Thompson contends that the court should have permitted the evidence to be introduced because A.C. had testified that she felt compelled to have sexual intercourse with him, and because evidence of prior acts of sexual intercourse would show Thompson reasonably believed A.C. was over sixteen years of age. The State argues that it completely disclosed that A.C. had consented to intercourse with Thompson and that evidence of prior sexual acts between the two was properly excluded in that the evidence was not relevant to the issue of child molesting.

*CONCLUSION*—The court did not err in excluding evidence of prior acts of sexual intercourse.

Prior to trial, the State filed a motion in limine in which it sought to invoke Indiana's Rape Shield Law,[2] by excluding any evidence of the past sexual conduct of A.C. Thompson later moved the court for the admission of such evidence claiming that the probative value of the evidence outweighed its prejudicial impact. The court granted the State's motion in limine and denied Thompson's motion. At trial, the court did not permit Thompson to introduce evidence of past sexual acts with A.C.

2. Ind.Code 35–37–4–4 (1988).

■ Generally, a trial court is allowed wide discretion in the conduct of cross-examination, and will be reversed only for an abuse of that discretion. *Williams v. State* (1986), Ind., 492 N.E.2d 28; *Blankenship v. State* (1984), Ind., 462 N.E.2d 1311. To show an abuse of discretion, the defendant must show how he was prejudiced by the trial judge's actions. *Carter v. State* (1987), Ind., 505 N.E.2d 798; *Marbley v. State* (1984), Ind., 461 N.E.2d 1102.

■ Thompson claims the State's examination of A.C. left the jury with the impression that she had not consented to the intercourse, and therefore, Thompson should have been permitted to challenge this impression by cross-examining A.C. about previous acts of sexual intercourse with him.

The State did not create the misleading impression of which Thompson complains. While A.C. did testify that she was hesitant to have intercourse with Thompson, *record* at 192, other portions of her direct examination reveal that she did consent to the activity. *Record* at 192–93. Additionally, on cross-examination Thompson was permitted to elicit A.C.'s admission that she consented to the intercourse on the night in question. *Record* at 203.

■ As the testimony indicated that A.C. was a willing participant, the trial court did not abuse its discretion in preventing Thompson from delving further into her prior acts of intercourse with him. Consent is not an element to be proved in child molesting cases or a defense to the charge, so limiting the cross-examination of a child on his or her past sexual activities falls within the broad discretion of the trial court.

Thompson also argues that the cross-examination should have been permitted because it would have shown the reasonableness of his belief that A.C. was over sixteen years of age on the night in question. Thompson claims that because he had engaged in sexual intercourse with A.C. several times previously, her conduct was consistent with a person older than sixteen years of age. Therefore, Thompson argues exclusion of this evidence prevented him from adequately presenting his defense that he reasonably believed she was at least sixteen years of age.

Indiana's Child Molestation statute provides in pertinent part:

"(e) It is a defense that the accused person reasonably believed that the child was sixteen (16) years of age or older at the time of the conduct."

IC 35–42–4–3(1988).

This court has previously determined that this statute requires both the subjective element of actual belief by the accused and the objective element that such belief be reasonable under the circumstances. *Fenix v. State* (1982), Ind.App., 438 N.E.2d 1005. Indiana courts, however, have yet to address the issue of whether a defendant in a child molestation case may introduce prior sexual acts with the victim in order to show the victim's conduct was such that it was reasonable to believe the person was over sixteen years of age. Our supreme court has previously held that evidence that the victim was a prostitute, *Shaffer v. State* (1983), Ind., 443 N.E.2d 838, unchaste, *Alexander v. State* (1930), 202 Ind. 1, 170 N.E. 542, and a delinquent child, *Douglas v. State* (1955), 234 Ind. 621, 130 N.E.2d 465, could not be admitted as a defense to a sex crime. Therefore, with this case law and Indiana's enactment of the Rape Shield Law in mind, we conclude the trial court did not abuse its discretion in excluding the evidence.

*ISSUE TWO*—Whether the trial court erred in communicating with the jury outside the presence of counsel?

*PARTIES' CONTENTIONS*—Thompson says the trial court erred in answering a question posed by the jury outside the presence of counsel. The State responds that any such error was harmless.

*CONCLUSION*—The trial court's error in communicating to the jury outside the presence of counsel was harmless.

Shortly after beginning its deliberations, the jury submitted a written question to the trial judge which read "Can we have any (as much as possible) transcripts of testimony? (We're not in complete agree-

ment on what was said)." The trial judge responded by forwarding a written note to the jury which read "No. You must rely on your memory." Neither Thompson nor his attorney was present when this communication took place. The communication was discovered by Thompson's appellate counsel after the trial and sentencing.

When jurors request additional guidance from the court, the proper procedure is for the judge to notify the parties so that they may be present in court before the judge communicates with the jury. *Martin v. State* (1989), Ind., 535 N.E.2d 493; *Averhart v. State* (1984), Ind., 470 N.E.2d 666. Communications between the judge and a deliberating jury in the defendant's absence are forbidden, but such communication does not constitute per se grounds for reversal. *Marsillett v. State* (1986), Ind., 495 N.E.2d 699; *Denton v. State* (1983), Ind., 455 N.E.2d 905. An inference of prejudice arises from an ex parte communication and this inference creates a rebuttable presumption that error has been committed. *Martin, supra.* However, when the trial judge merely responds to a jury question by denying the request, any inference of prejudice is rebutted and any error is deemed harmless. *Moffatt v. State* (1989), Ind., 542 N.E.2d 971; *Marsillett, supra; Martin, supra.* Because the communication in this case merely consisted of a denial of the jury's request for transcripts of the testimony, any error committed was harmless.

*ISSUE THREE*—Whether certain statements made by the prosecutor constituted prosecutorial misconduct?

*PARTIES' CONTENTIONS*—Thompson argues that during rebuttal final argument the prosecutor referred to A.C.'s pregnancy in such a way as to deny him fundamental due process. The State argues that any error was waived due to Thompson's failure to object to the statements.

*CONCLUSION*—Thompson has waived the issue of prosecutorial misconduct by failing to object to the statements.

No evidence was introduced at trial that A.C. became pregnant by Thompson.

This fact first came to light during the defendant's final argument when counsel stated:

> "It's difficult in this community for a white girl to admit she's become pregnant by a black guy. It is. She doesn't want to admit she's pregnant. She's embarrassed about it. She's concerned about how her family's going to feel."

*Record* at 354.

The State argued on rebuttal:

> "And as the defense counsel said, he got her pregnant. And that's the second sad thing about this case—is that we have a fourteen year old girl who gave up a baby for adoption and will never see that child again because this defendant couldn't act like a responsible adult with a child. When you're in the jury room and you're ready to vote and you say to yourself, 'I believe he's guilty, but—,' and maybe you hesitate because you don't think it's fair that she gave consent or you're not sure where the fairness lies, you think maybe no harm, no foul. You remember the baby...."

*Record* at 375.

Regardless of whether the State was merely responding to an argument made by Thompson during his final argument, the record indicates that Thompson failed to object to the prosecutor's rebuttal argument. The failure to make a contemporaneous objection to the statement results in the issue being waived. *Fox v. State* (1988), Ind., 520 N.E.2d 429; *Gibbs v. State* (1985), Ind., 483 N.E.2d 1365.

Judgment affirmed.

SULLIVAN and ROBERTSON, JJ., concur.