Michael J. **DUSO**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 03A01–0605–CR–180.

Court of Appeals of Indiana.

May 15, 2007.

---

Aaron J. Edwards, Columbus, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Michael J. Duso appeals his convictions for counterfeiting as a class D felony,[1] maintaining a common nuisance as a class D felony,[2] and possession of a sawed-off shotgun as a class D felony.[3] Duso raises one issue, which we restate as whether the trial court abused its discretion by denying Duso the opportunity to make an offer of proof by questioning a witness after that witness invoked her Fifth Amendment right not to incriminate herself. We affirm.

The relevant facts follow. In August 2005, the Columbus Police Department obtained a warrant to search Duso's residence as part of a counterfeiting investigation. Four people, including Duso and Nakkai Furkin, were detained during the search. The State charged Duso with forgery as a class C felony,[4] counterfeiting as a class D felony, maintaining a common nuisance as a class D felony, and possession of a sawed-off shotgun as a class D felony.

At Duso's jury trial, Duso sought to call Furkin as a witness. At a hearing outside the presence of the jury, Furkin indicated that she was "going to plead the Fifth." Transcript at 340. Duso asked:

> to do a short offer of proof ... to ask her some questions related to what was going on because we believe that she would deny everything. We don't believe that she might incriminate herself. I think there's statements that she'd deny everything. So we'd ask if, if she's not going to be allowed to do an offer of proof to see what, in fact, she is going to say so that it's on the record.

*Id.* at 341. The trial court responded that an offer of proof could be used against Furkin and sometimes a denial itself could be incriminating. The trial court also stated that she could "be compelled to testify with regard to her name and age and some ... tangential ... non-incriminating things, but I don't know that there's any value in that for purposes of the jury, or for an offer to proof, frankly." *Id.* at 342. The trial court found that Furkin was entitled to exercise her Fifth Amendment rights and that Duso was not entitled to question Furkin for an offer of proof.

The jury found Duso not guilty of forgery as a class C felony but guilty of counterfeiting as a class D felony, maintaining a common nuisance as a class D felony, and possession of a sawed-off shotgun as a class D felony. The trial court sentenced Duso to two years on each of

---

1. Ind.Code § 35-43-5-2 (Supp.2005) (subsequently amended by Pub.L. No. 106-2006, § 3 (eff. July 1, 2006)).

2. Ind.Code § 35-48-4-13 (2004).

3. Ind.Code § 35-47-5-4.1 (2004).

4. I.C. § 35-43-5-2.

the convictions to be served consecutively for an aggregate sentence of six years. The trial court then suspended Duso's sentence and placed him on probation.

■ The issue is whether the trial court abused its discretion by denying Duso the opportunity to make an offer of proof by questioning Furkin after she invoked her Fifth Amendment right not to incriminate herself. The purpose of an offer to prove is to preserve for appeal the trial court's allegedly erroneous exclusion of evidence. *Nelson v. State,* 792 N.E.2d 588, 595 (Ind.Ct.App.2003) (citing *Arhelger v. State,* 714 N.E.2d 659, 664 (Ind.Ct.App. 1999)), *trans. denied.* The offer to prove can also aid the trial court in ruling on the objection. *Id.* As we noted in *Nelson,* "[w]e cannot very well require trial counsel to make an offer of proof to preserve error on appeal, while at the same time we allow the trial court to deny counsel the opportunity to make such a record." *Nelson,* 792 N.E.2d at 594–595. In general, "a party has a right to make an offer of proof," and "it is reversible error for a trial court to deny a party the opportunity to explain the substance, relevance, and admissibility of excluded evidence with an offer of proof." *Id.* at 595. However, such an error may be subject to a harmless error analysis. *See, e.g., id.* (holding that any error in denying the defendant the right to make an offer of proof was harmless where the witness's testimony was "mere surplusage").

■ "An offer of proof consists of three parts: (1) the substance of the evidence, (2) an explanation of its relevance, and (3) the proposed grounds for its admissibility." *Id.* at 594 (citing *Roach v. State,* 695 N.E.2d 934, 939 (Ind.1998), *reh'g granted* on other *grounds,* 711 N.E.2d 1237 (Ind. 1999)). Indiana recognizes three methods for making an offer to prove:

(a) The offeror may use questions, but not answers: after an objection to a specific question to a witness has been sustained, examining counsel states what the testimony would be if the witness were allowed to answer.

(b) Under certain circumstances, a question-and-answer format, as distinct from the question-and-offer format, may be employed.... Rule 103(b) also gives the court authority to direct an offer in question-and-answer form in any proceeding.

(c) The offer to prove may be made without questions if the court indicates that no further testimony of the witness will be allowed with respect to the offered proof, or if neither the court nor opposing counsel require the use of questions.

*Arhelger,* 714 N.E.2d at 665 (citing R. Miller, INDIANA PRACTICE, COURTROOM HANDBOOK ON INDIANA EVIDENCE 10–11 (1999)) (footnote omitted).

Here, Duso's counsel informed the trial court, "We don't believe that she might incriminate herself. I think there's statements that she'd deny everything." Transcript at 341. Duso's counsel made an offer to prove by stating what he believed the substance of Furkin's testimony would be. The question and answer format of making an offer to prove was not necessary. *See, e.g., State v. Wilson,* 836 N.E.2d 407, 410 (Ind.2005) (holding that the State's offer of proof was sufficient to preserve issues for appeal where it was clear from the prosecutor's comments that the State intended to show that the defendant and his wife applied for Section 8 housing together and that the wife's testimony was to establish that fact), *reh'g denied.*

■ Moreover, the trial court here was confronted with a witness's exercise of her Fifth Amendment right against self-

incrimination. While the due process clause of the Fourteenth Amendment and the compulsory process or confrontation clauses of the Sixth Amendment guarantee criminal defendants a "meaningful opportunity to present a defense," *Joyner v. State,* 736 N.E.2d 232, 242–243 (Ind.2000), "the power to compel testimony is not absolute." *Kastigar v. U.S.,* 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972), *reh'g denied.*

> There are a number of exemptions from the testimonial duty, the most important of which is the Fifth Amendment privilege against compulsory self-incrimination. The privilege reflects a complex of our fundamental values and aspirations, and marks an important advance in the development of our liberty. It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used. This Court has been zealous to safeguard the values which underlie the privilege.

*Kastigar,* 406 U.S. at 444–445, 92 S.Ct. at 1656 (footnotes omitted). The Fifth Amendment states that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself."

■ When confronted with a witness's assertion of his Fifth Amendment rights, the trial court must hold a hearing outside the presence of the jury. *See* Ind.Code § 35–37–3–1;[5] *Martin v. State,* 535 N.E.2d 493, 497–498 (Ind.1989) (holding that the hearing held by the trial court to determine if the witness was going to invoke her Fifth Amendment privilege complied with Ind.Code § 35–37–3–1(a)), *reh'g denied.* "Claims of privilege must be made and sustained on a question-by-question or document-by-document basis." *In re Kefalidis,* 714 N.E.2d 243, 248 (Ind.Ct. App.1999). "This permits the court to rule on the assertion of privilege with specificity." *Id.* at 248–249.

■ A trial court is authorized to determine whether an answer to a question proposed to a witness will incriminate the witness. *Id.* at 245. "[I]n determining whether the answer might so incriminate a witness, the court is bound by the statement of the witness as to its effect unless it clearly appears from the examination and the circumstances before the court that the witness is mistaken in his conclusion that the answer will incriminate him, or that the witness' refusal is purely contumacious." *Northside Sanitary Landfill, Inc. v. Bradley,* 462 N.E.2d 1321, 1325 (Ind.Ct.App.1984). "A witness is excused from answering if the answer would tend to furnish one link in the chain of evidence necessary to convict him of a criminal charge." *Id.* at 1326. "The witness is not under any obligation to explain how the answer might tend to incriminate him as this would defeat the very object of the constitutional provision." *Id.*

While the trial court could have required Furkin to assert her Fifth Amendment

---

**5.** Ind.Code § 35–37–3–1 provides:

(a) If a witness, in any hearing or trial occurring after an indictment or information has been filed, refuses to answer any question or produce any item, the court shall remove the jury, if one is present, and immediately conduct a hearing on the witness's refusal. After such a hearing, the court shall decide whether the witness is required to answer the question or produce the item.

(b) If the prosecuting attorney has reason to believe that a witness will refuse to answer a question or produce an item during any criminal trial, the prosecuting attorney may submit the question or request to the trial court. The court shall hold a hearing to determine if the witness may refuse to answer the question or produce the item.

rights on a question-by-question basis, Duso did not object on this basis.[6] Rather, Duso asked to make an offer to prove. Even if the trial court had allowed Duso to make an offer to prove by questioning Furkin, the trial court could not have compelled Furkin to answer Duso's questions beyond basic identifying information. *See, e.g., Pitman v. State,* 749 N.E.2d 557, 561 (Ind.Ct.App.2001) (probationer was not entitled to invoke the Fifth Amendment privilege with regard to basic identifying information and any disclosures which were necessary to effectively monitor her probation), *reh'g denied, trans. denied.* Duso's Sixth Amendment right to compulsory process does not trump Furkin's Fifth Amendment right against self-incrimination. *U.S. v. Mabrook,* 301 F.3d 503, 506 (7th Cir.2002), *reh'g denied.* Even in an offer of proof, Furkin could not be compelled to answer questions that would violate her Fifth Amendment privilege. We conclude that the trial court did not abuse its discretion.

For the foregoing reasons, we affirm Duso's convictions for counterfeiting as a class D felony, maintaining a common nuisance as a class D felony, and possession of a sawed-off shotgun as a class D felony.

Affirmed.

SULLIVAN, J. and CRONE, J. concur.

---

**6.** To the extent that the procedure used by the trial court was erroneous, any error was harmless. "When a constitutional error is found, we may still affirm when the error is harmless beyond a reasonable doubt." *Davis v. State,* 529 N.E.2d 112, 116 (Ind.Ct.App. 1988) (addressing the trial court's erroneous refusal to compel a witness's presence in court for the purpose of identification and comparison as a result of his assertion of his Fifth Amendment rights). The case against Duso was strong. The printer and counterfeit money were found in a locked closet in Duso's house, and Duso provided the police with the key to the closet. The sawed-off shotgun was found in Duso's bedroom. We conclude that Duso was not harmed by the trial court's failure to permit a question-by-question procedure in examining Furkin.